# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA MCCARTHY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROSIE PEREZ,<br><br>    Defendant. | Case No. SA CV 15-1106 CJC (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

    On July 13, 2015, Defendant Rosie Perez, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*. [Dkt. Nos. 1, 4.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

//

Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Defendants do not competently allege facts supplying either diversity or federal-question jurisdiction, and so removal is improper. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. [*See* Dkt. No. 1 at 1]; *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. Here, Plaintiff's underlying complaint asserts a cause of action for unlawful detainer. (*See* Notice, Ex. A.) In her Notice, Defendant asserts in conclusory fashion that she has filed a demurrer invoking unspecified rights and duties arising under federal law. [*See* Dkt. No. 1 at 2.] However, neither a federal-law counterclaim nor a federal-law defense may serve as a basis for federal question jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim").

//
//
//
//
//
//
//
//
//

1  Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the
2  Superior Court of California, County of Orange, Harbor Justice Center, 4601 Jamboree
3  Road, Newport Beach, CA 92660, for lack of subject matter jurisdiction pursuant to 28
4  U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court;
5  and (3) the Clerk serve copies of this Order on the parties.

8  DATED:  July 22, 2015

                    HON. CORMAC J. CARNEY
                    UNITED STATES DISTRICT JUDGE